IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL GRADY,

        Petitioner,

v.

JOHN J. FRANKE,

        Respondent.

Case No. 20-CV-01372-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Petitioner Michael Grady, a federal pretrial detainee currently being held at the Alton Jail in Alton, Illinois, filed this habeas corpus action pursuant to 28 U.S.C. § 2241. In the Petition (Doc. 1), Grady complains about the conditions of his confinement, the threat of COVID-19, and a speedy trial violation. He seeks expedition of his criminal case and immediate release pending trial.

This matter is now before the Court for review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which states that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) gives the Court the authority to apply the Rules to other habeas corpus cases.

## The Petition

Grady is currently being held at the Alton Jail awaiting trial in the United States District Court for the Eastern District of Missouri in *United States v. Grady*, 15-CR-

00404-HEA-29 ("Pending Case"). He has been charged with offenses related to a large drug case, including Drug Conspiracy, Obstruction of Justice, Unlawful Flight to Avoid Prosecution, Money Laundering, and Witness Tampering. (Pending Case, Doc. 1990). His charges were recently dismissed in another case in the Eastern District of Missouri, 17-CR-00095-RWS-3.

Grady's Petition states that his Fourteenth Amendment rights have been violated because he has not received adequate medical care (*Id.*, pp. 20-21, 26); he is at risk for COVID-19 infection because the staff has ignored his potential symptoms in the past, there is a lack of testing protocol, he is exposed to inmates that have tested positive, and the staff has failed maintain a clean environment (*Id.*, pp. 20, 26); and an order entered by the Chief Judge Rodney W. Sippel of the Eastern District of Missouri suspending all criminal trials until March 15, 2021 is a violation of his Sixth Amendment rights (*Id.*, pp. 22-24).

## Discussion

### Medical Treatment and Conditions of Confinement

Grady's claims related to his medical treatment and conditions of confinement are not habeas claims and cannot be pursued in a § 2241 petition. A petition for a writ of habeas corpus is the proper vehicle "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If a prisoner is not challenging the fact of his confinement, but instead the

conditions under which he is being held, he must bring the claim in a civil rights action under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005). This is the case regardless of the fact that a petitioner asks for release due to the conditions. *Id.*

While courts have in the past construed a mistakenly labeled habeas corpus petition as a civil rights complaint, *see, e.g., Graham*, 922 F.3d at 381-82, the Seventh Circuit Court of Appeals has made it clear that this practice is improper. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002). This is particularly true where conversion of the case may lead to unfavorable consequences for the petitioner under the Prison Litigation Reform Act. *See Bunn*, 309 F.3d at 1007. Here, such consequences could include those associated with possible exhaustion defenses, the failure to name the correct defendants, the potential for a "strike" under 28 U.S.C. § 1915(g), and Grady's ability to pay the proper filing fee for that action (presently $400.00) as opposed to the fee for a petition for writ of habeas corpus (presently $5.00). Accordingly, this Court will not re-characterize the instant habeas petition as a Complaint for a civil rights action, and it offers no opinion regarding the merits of those claims.

### Sixth Amendment Speedy Trial Claim

Grady also asserts a Sixth Amendment Speedy Trial claim related to Chief Judge Sippel's order continuing all civil and criminal trials and finding that the period between the date of the Order and May 31, 2020 was excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A).[1] Speedy trial claims have two potential bases: The Speedy Trial

---

[1] Chief Judge Sippel's order is available at

Act and the Sixth Amendment itself. Grady filed a motion to dismiss in the Pending Case on both grounds. (Pending Case, Doc. 2453). District Judge Henry E. Autrey adopted the Report and Recommendation of the magistrate judge that the Motion be denied, as the case was designated "complex" as defined in the Speedy Trial Act and is therefore not subject to its limitations (see 18 U.S.C. § 3161(h)(7)(B)(ii)), and the delays did not violate Grady's broader Sixth Amendment rights under United States Court of Appeals for the Eighth Circuit jurisprudence. (Pending Case, Docs. 2586 and 2646).

This is not an appellate court, and it will not sit in direct review of the Eastern District of Missouri's ruling. "A federal pretrial detainee cannot use § 2241 to preempt the judge presiding over the criminal case." *Williams v. Hackman*, 364 F. App'x 268, 268–69 (7th Cir. 2010) (*citing Jones v. Perkins*, 245 U.S. 390, 391-92 (1918), *Fassler v. United States*, 858 F.2d 1016, 1018-19 (5th Cir.1988) *and United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987)). If Grady is dissatisfied after the Pending Case is resolved, he may file a direct appeal in the Eighth Circuit.

## Disposition

For the foregoing reasons, the Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

## Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the

---

https://www.moed.uscourts.gov/sites/moed/files/documents/news/Order%20Re%20Case%20Operations%20COVID%2012-15-20%20FINAL.pdf.

applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Here, no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court denies a certificate of appealability.

Petitioner may reapply for a certificate of appealability to the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED:   January 4, 2021**

*s/ Stephen P. McGlynn*
**STEPHEN P. McGLYNN**
**U.S. District Judge**